UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kofi Gyekye,
    Petitioner,

vs.

Case No. 1:09cv753`
(Dlott, C.J.; Hogan, M.J.)

Warden, Madison Correctional Institution,[1]
    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, who is currently in state custody at the Madison Correctional Institution in London, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Doc. 5). This matter is before the Court on respondent's motion to dismiss (Doc. 11) and petitioner's motion to stay the instant proceeding (Doc. 16). Petitioner has filed a "traverse" in opposition to the motion to dismiss (Doc. 15), and respondent has filed a pleading opposing petitioner's motion for stay (Doc. 17).

---

[1] In the petition, petitioner properly named the Warden of Lebanon Correctional Institution (LeCI) as respondent, because petitioner was incarcerated at LeCI at that time. (*See* Doc. 5). On December 28, 2009, petitioner filed a notice of change of address, informing the Court that he is now incarcerated at Madison Correctional Institution (MCI) in London, Ohio. (Doc. 10). Because it now appears that MCI's Warden is the individual who currently has custody of petitioner, the caption of the case is hereby changed to reflect the proper party respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

**Procedural Background**

On August 30, 2006, the Butler County, Ohio, grand jury returned an indictment charging petitioner with three counts of rape involving a minor victim in violation of Ohio Rev. Code § 2907.02(A)(1)(b). (Doc. 11, Ex. 1).

Petitioner's trial counsel filed a pretrial motion for suppression of "any and all statements made by [petitioner] to police that the State intends to use at trial" on the ground that the statements were obtained during "custodial interrogation" in violation of petitioner's Fifth Amendment privilege against self-incrimination as guaranteed in *Miranda v. Arizona,* 384 U.S. 436 (1966). (*Id.,* Ex. 3). A hearing was held on the motion on November 20, 2006; on November 29, 2006, the trial court filed an Entry denying the motion to suppress without opinion. (*See id.,* Ex. 5 & November 20, 2006 Motion To Suppress Hearing Tr.).

Thereafter, in December 2006, petitioner's trial counsel filed a suggestion of incompetence and request for leave to enter a plea of not guilty by reason of insanity. (*Id.,* Exs. 6-7). After a hearing held on May 14, 2007, the trial court entered an order on May 16, 2007, finding petitioner competent for the purposes of standing trial. (*Id.,* Ex. 8).

On August 13, 2007, petitioner's trial counsel filed a motion to dismiss the indictment, which contained an alternative request for suppression of petitioner's statements to the police, based on an alleged violation of Article 36 of the Viennna Convention on Consular Relations. (*Id.,* Ex. 9). After the State filed its response opposing the motion to dismiss (*see id.,* Ex. 10), petitioner entered a guilty plea to the three rape charges at a hearing held on August 20, 2007. (*Id.,* Ex. 11 & August 20, 2007 Plea Hearing Tr.).

The written plea agreement executed by petitioner, and signed by counsel for both parties and the trial judge, was filed on August 21, 2007. (*Id.,* Ex. 11). The agreement provided in pertinent part that (1) each rape charge carried a maximum "prison term" penalty of ten years, which could be imposed consecutively; and (2):

....No promises have been made except as part of the plea agreement stated entirely as follows:

Prosecutor will remain silent for sentence. The Court has stated that it

>intends to impose a sentence of 9 years, to be served as 3 years on each of the 3 counts to be served consecutively.

(*Id.*).

It appears from the record that the sentencing hearing was held on the same date as the plea hearing. (*See id.,* Ex. 12). In the Judgment of Conviction Entry filed on August 22, 2007, petitioner was sentenced in accordance with the terms of the plea agreement to an aggregate prison term of nine (9) years, which consisted of consecutive three (3) year terms of imprisonment for each rape offense. (*Id.*).

Petitioner's trial counsel filed a timely notice of appeal on petitioner's behalf to the Ohio Court of Appeals, Twelfth Appellate District. (*Id.,* Ex. 13). Thereafter, new counsel for appeal purposes filed a "No Error Brief" and "Motion to Withdraw as Counsel" pursuant to *Anders v. California,* 386 U.S. 738 (1967). (*Id.,* Ex. 14). In the brief, counsel stated that he had "reviewed the record carefully and conducted extensive research, but [was] unable to discover any appealable error within the record on the part of the trial court." (*Id.,* p. 3). Counsel, however, requested the court to "conduct an independent review for any abuse of discretion that may have been committed by the trial court when it denied Appellant's motion to suppress evidence and his request for a more specific bill of particulars." (*Id.*). Counsel additionally requested "an independent review as to the sufficiency of the trial court's colloquy regarding the effects of a post release control violation as no advisement was given as to the consequences of committing a new felony offense while subject to post release control." (*Id.*).

On September 2, 2008, the Ohio Court of Appeals issued a Decision and Judgment Entry granting appellate counsel's motion to withdraw as counsel and dismissing the appeal "for the reason that it is totally frivolous." (*Id.,* Ex. 16). In its Decision, the state appellate court stated: "Having allowed appellant sufficient time to respond, and no response having been received, we have accordingly examined the record and find no error prejudicial to appellant's rights in the proceedings in the trial court." (*Id.*).

Apparently, petitioner did not pursue an appeal to the Ohio Supreme Court from the state appellate court's September 2, 2008 direct appeal decision. Instead, on November 20, 2008, petitioner filed a timely *pro se* motion for reopening of the appeal pursuant to Ohio R. App. P. 26(B) with the Ohio Court of Appeals, Twelfth Appellate

3

District. (*Id.,* Ex. 17). In the application, which was later amended, petitioner alleged that his appellate counsel was ineffective for failing to raise the following assignments of error on appeal:

> 1. Trial court erred to the prejudice of Appellant and denied him due process and protection against cruel and unusual punishment when it imposed consecutive sentences upon him in contra to, and without consideration of R.C. 2929.14.
>
> 2. Trial court erred to the detriment of Appellant and denied him due process when it denied Appellant's motion to dismiss all charges, as the State lacked sufficient evidence, as a matter of law, to prove every essential element of the crimes charged beyond a reasonable doubt.
>
> 3. Trial court erred to the detriment of Appellant when it permitted the introduction of evidence obtained in violation of *Miranda*.
>
> 4. Trial court erred to the detriment of Appellant and denied him due process when it failed to inform him of the elements of the charges during the plea hearing.
>
> 5. Appellant was denied ... due process when Appellant was interrogated by detectives without an interpreter as required by R.C. 2311.14(A)(1).

(*Id.,* Exs. 17-18).

On February 18, 2009, the Ohio Court of Appeals denied petitioner's reopening application. (*Id.,* Ex. 19). In so ruling, the court reasoned in relevant part as follows:

> "To show ineffective assistance, [appellant] must prove that his counsel were deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had they presented those claims on appeal."...
>
> On direct appeal, we fully examined the record in appellant's case and determined that counsel was correct in arguing that the appeal was wholly frivolous.... Having already determined the complete absence of any merit to appellant's direct appeal, we cannot now say that appellate

4

> counsel was ineffective for failing to present additional assignments of error.
>
> Furthermore, the application also fails to comply with App.R. 26(B)(2)(d) which provides that an application shall include "[a] sworn statement on the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised *** and the manner in which the deficiency prejudicially affected the outcome of the appeal[.]" Appellant has not attached any sworn statement to his application which meets the requirements of App.R. 26(B)(2)(d).
>
> The failure to provide a properly sworn statement under App.R. 26(B)(2)(d) is sufficient grounds for denying an application for reopening....
>
> Upon due consideration of the foregoing, and it appearing to the court that there is no compliance with App.R. 26(B)(2)(d) and no genuine issue as to whether appellant was deprived of the effective assistance of counsel on appeal under App.R. 26(B)(5), appellant's amended application for reopening is hereby DENIED.

(*Id.*, pp. 2-4) (state case citations omitted).

Apparently, petitioner did not receive a copy of the Ohio Court of Appeals' decision, and on April 13, 2009, filed a motion for summary judgment in the matter. (*See id.*, Ex. 20). On April 22, 2009, the Ohio Court of Appeals denied the summary judgment motion and ordered the clerk of court to serve petitioner "with copies of both this entry and the February 18 Entry Denying Application For Reopening." (*Id.*, Ex. 21).

Petitioner filed a timely *pro se* notice of appeal to the Ohio Supreme Court. (*Id.*, Ex. 22). In his memorandum in support of jurisdiction, petitioner asserted as propositions of law the same five claims of error that he had presented in his reopening application; he also argued as a sixth proposition of law that "[t]he court of appeals erred to the prejudice of Appellant and denied him his constitutional right to due process when it denied Appellant's timely filed application to reopen his appeal." (*Id.*, Ex. 23). On September 16, 2009, the Ohio Supreme Court denied petitioner leave to appeal and summarily dismissed the appeal "as not involving any substantial

constitutional question." (*Id.,* Ex. 24).

Petitioner initiated the instant habeas corpus action in October 2009. In the petition, which was filed on November 5, 2009, petitioner alleges five grounds for relief:

> **Ground One:** Petitioner was denied his federal constitutional rights to due process and protection against cruel and unusual punishment when the trial court imposed consecutive sentences upon him in contra to, and without consideration of R.C. 2929.14.
>
> **Ground Two:** Petitioner was denied his federal constitutional right to due process when the trial court denied Petitioner's motion to dismiss all charges, and entered a judgment of conviction and sentence against Petitioner as the state lacked sufficient evidence, as a matter of law, to prove every essential element of the crimes charged beyond a reasonable doubt.
>
> **Ground Three:** Petitioner was denied [his] federal constitutional right to due process when the trial court permitted the introduction of evidence obtained in violation of *Miranda* ... and his Fifth Amendment right against self-incrimination.
>
> **Ground Four:** Petitioner was denied his federal constitutional right to due process when the trial court failed to inform him of the elements of the charges during his plea hearing.
>
> **Ground Five:** Petitioner was denied his federal constitutional right to due process when he was interrogated by detectives without the presence of an interpreter in violation of R.C. 2311.14(A)(1), and *Miranda*....

(Doc. 5, pp. 5-11).

In the motion to dismiss filed in response to the petition, respondent contends that the petition is subject to dismissal with prejudice because petitioner's claims for relief "are all procedurally defaulted or not cognizable." (Doc. 11, Brief, p. 1). Petitioner has filed a "traverse" in opposition to respondent's motion to dismiss (Doc. 15), and also has filed a motion to stay the instant action so that he "may further

6

exhaust his state remedies" (Doc. 16). Respondent opposes petitioner's motion for stay. (Doc. 17).

## OPINION

### A. Petitioner's Motion For Stay (Doc. 16) Should Be Denied

Petitioner requests a stay of the instant action so that he "may further exhaust his state remedies" by way of a motion to "Vacate Void Sentence Based Upon Erroneous [] Ad[v]i[c]e Of Post-Release Control Sanctions." (Doc. 16, p. 2).

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect constitutional rights of criminal defendants, and in order to prevent needless friction between state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion

grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

Since the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy*'s total exhaustion requirement," but also imposed a one-year statute of limitations on the filing of federal habeas petitions, *Rhines v. Weber,* 544 U.S. 269, 275 (2005), some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure to ensure habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed on exhaustion grounds and petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 778-81 (6th Cir. 2002).

In *Rhines,* 544 U.S. at 276, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but that such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276-77 (quoting *Lundy,* 455 U.S. at 520).

The Court went on to determine that:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .
>
> For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277-78. However, on the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In this case, as respondent has pointed out in opposing petitioner's motion for stay (*see* Doc. 17, p. 2), the claim petitioner seeks to exhaust in the state courts has not been asserted as a ground for relief. Moreover, it appears that petitioner has exhausted available state court remedies with respect to the five claims that have been alleged as grounds for relief in the instant action. The Court is not required to dismiss or stay a "petition containing only exhausted claims because the petitioner attempts to raise additional but unexhausted claims during the course of the habeas corpus proceedings." *Jones v. Parke,* 734 F.2d 1142, 1145 (6th Cir. 1984); *see also Bowling v. Haeberline,* 246 Fed.Appx. 303, 306 (6th Cir. Aug. 14, 2007) (not published in Federal Reporter); *Lee v. Wilson,* No. 1:04cv2169, 2008 WL 1775523, at *4 & n. 42 (N.D. Ohio Apr. 16, 2008) (unpublished). Because this case does not involve a "mixed petition" containing both exhausted and unexhausted claims, the stay-and-abeyance procedure is inapplicable. *Accord Dailey v. Warden, Madison Corr. Instit.,* No. 1:07cv643, 2008 WL 1844060, at *1, *6 (S.D. Ohio Apr. 22, 2008) (Barrett, J.; Black, M.J.) (unpublished); *Allen v. Curtin,* No. 1:06cv241, 2009 WL 1606976, at *4 & n.2 (W.D. Mich. June 9, 2009) (unpublished) (and cases cited therein).

In any event, even assuming that the stay-and-abeyance procedure were applicable here, petitioner would not meet the criteria for granting a stay under *Rhines*. First, petitioner has not offered, nor can the Court discern from the record, any justification that could arguably constitute "good cause" for petitioner's significant delay in pursuing relief in the state courts on a claim stemming from the plea hearing held nearly three years ago in August 2007. Second, given that petitioner's appellate counsel flagged the issue in the *Anders* brief filed on direct appeal (*see* Doc. 11, Ex. 14, p. 3), a strong argument can be made that petitioner's attempt at this late juncture

to pursue further state court relief based on such claim amounts to "abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277. Finally, petitioner has not shown that the claim, which the Ohio Court of Appeals apparently considered to be "totally frivolous" (*see* Doc. 11, Ex. 16), is potentially meritorious.

It is, therefore, **RECOMMENDED** that petitioner's motion to stay the instant case (Doc. 16) be **DENIED**.

### B. Respondent's Motion To Dismiss (Doc. 11) Should Be Granted

In the motion to dismiss, respondent contends in part that petitioner has waived his claims for relief. (Doc. 11).

As an initial matter, as respondent has pointed out, petitioner's appellate counsel did not raise any of the issues asserted as grounds for relief in the instant action in the *Anders* brief submitted on direct appeal. Instead, the claims were presented to the state courts by petitioner in his *pro se* application for reopening of the direct appeal as examples of ineffective assistance by appellate counsel. Given that this case involved an *Anders* appeal, the Court will assume that petitioner has not waived his grounds for relief due to any procedural default committed on direct appeal by appellate counsel as argued by respondent in the motion to dismiss (*see id.*, Brief, p. 11). Rather, the Court will address the claims as alleged by petitioner in his reopening application as examples of counsel's ineffectiveness.

Respondent has asserted alternative arguments in support of a finding that petitioner has waived his claims for relief. First, respondent contends that petitioner has waived the claims due to a procedural default that he committed in the state reopening proceeding, which was relied on by the Ohio Court of Appeals in denying the application for reopening of the direct appeal. (*Id.*, Brief, pp. 17-18). Respondent's argument has merit.

It is well-settled that, on federal habeas corpus review, a court may be barred from considering an issue of federal law from a judgment of a state court if the state judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *Harris v. Reed*, 489 U.S. 255, 260-62 (1989). The "adequate and independent state ground" doctrine has been applied to state court decisions refusing to address the merits of a federal

Case: 1:09-cv-00753-SJD-TSH Doc #: 18 Filed: 07/28/10 Page: 11 of 18 PAGEID #: 354

claim because of violations of state procedural rules. *Id.* at 261; *Wainwright v. Sykes,* 433 U.S. 72, 86-87 (1977); *see also McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985).

Such a procedural default does not bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on the state procedural bar. *Harris,* 489 U.S. at 263. If the state court clearly and expressly relies on a procedural bar as an adequate and independent state ground for its decision, federal habeas review is foreclosed even if the state court also rules in the alternative on the merits of the federal claim. *See, e.g., Sochor v. Florida,* 504 U.S. 527, 533 (1992) (and cases cited therein); *Harris,* 489 U.S. at 264 n.10; *Coe v. Bell,* 161 F.3d 320, 330 (6th Cir. 1998), *cert. denied,* 528 U.S. 1039 (1999). In cases where the last state court to render a reasoned opinion on the claim explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991).

In addition, the rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the state courts is deemed "adequate" or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied. *Ford v. Georgia,* 498 U.S. 411, 423-24 (1991); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir.) (citing *White v. Schotten,* 201 F.3d 743, 751 (6th Cir.), *cert. denied,* 531 U.S. 940 (2000)), *rev'd on other grounds,* 546 U.S. 74 (2005) (*per curiam*); *Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir. 1992), *cert. denied,* 507 U.S. 932 (1993). An adequate and independent finding of procedural default will preclude habeas corpus review of the federal claim, unless the petitioner can show "cause" for the default and "prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Harris,* 489 U.S. at 262; *Murray v. Carrier,* 477 U.S. 478, 485 (1986).

Here, the Ohio Court of Appeals was the only state court to render a reasoned decision addressing the claims raised in petitioner's reopening application. The court denied the application on the grounds that (1) there was "no genuine issue as to whether appellant was deprived of the effective assistance of counsel on appeal;" and (2) petitioner had failed to provide a properly sworn statement as required by Ohio R.

11

App. P. 26(B)(2)(d).[2] (*See* Doc. 11, Ex. 19). At the time of petitioner's conviction and appeal, the state appellate procedural rule requiring a "sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to assignments of error or arguments raised" was "firmly established and regularly followed" in Ohio. *See, e.g., State v. Doles,* 665 N.E.2d 197, 198 (Ohio 1996) (*per curiam*) (relying on *State v. Lechner,* 650 N.E.2d 449, 449-50 (Ohio 1995) (*per curiam*), which upheld the lower court's determination that "the sworn statement required by App.R. 26(B)(2)(d) is mandatory").

The Ohio Court of Appeals' clear and express reliance on petitioner's non-compliance with Ohio R. App. P. 26(B)(2)(d) as a ground for denying his reopening application constitutes an adequate and independent state ground for the court's decision, which precludes federal habeas review of petitioner's claims for relief absent a showing of cause and prejudice or a fundamental miscarriage of justice. *Cf. Norris v. Warden, NCI,* No. 2:08cv732, 2010 WL 582623, at *11-12 (S.D. Ohio Feb. 11, 2010) (Kemp, M.J.) (Report & Recommendation) (unpublished) (holding that petitioner "waived the right to present ... claims for federal habeas corpus review," which had been raised in a reopening application that was denied because of non-compliance with Ohio R. App. P. 26(B)(2)(d)), *adopted,* 2010 WL 883847 (S.D. Ohio Mar. 9, 2010) (Watson, J.) (unpublished); *Williams v. Bobby,* No. 1:06cv2032, 2007 WL 2156402, at *1, *13-14 (N.D. Ohio July 25, 2007) (unpublished) (same); *Hinckley v. Money,* No. 305-cv-02082, 2007 WL 764033, at *2, *8 (N.D. Ohio Mar. 9, 2007) (unpublished) (same).

Petitioner has not provided any justification as "cause" for his procedural default in failing to comply with Ohio R. App. P. 26(B)(2)(d). He also has not shown that failure to consider the defaulted claims will result in a "fundamental miscarriage of justice," or in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995). Therefore, the Court concludes that

---

[2]The Ohio Supreme Court's later unexplained entry denying leave to appeal and dismissing the appeal "as not involving any substantial constitutional question" (*see* Doc. 11, Ex. 24) is presumed to rely on those grounds. *Cf. Taqwiim v. Johnson,* 229 F.3d 1154 (table), No. 99-3425, 2000 WL 1234322, at **3 (6th Cir. Aug. 22, 2000) (unpublished) (citing *Levine v. Torvik,* 986 F.2d 1506, 1517 n.8 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), and *overruled in part on other grounds by Thompson v. Keohane,* 516 U.S. 99 (1995), and *Ylst,* 501 U.S. at 803-04), *cert. denied,* 531 U.S. 1089 (2001).

petitioner has waived his claims for federal habeas relief.

In any event, even assuming, *arguendo*, that petitioner had complied with Ohio R. App. P. 26(B)(2)(d), as respondent has alternatively argued (*see* Doc. 11, Brief, pp. 12-13), petitioner waived all non-jurisdictional defects in the trial proceedings when he voluntarily and intelligently entered his guilty plea. *See United States v. Pickett,* 941 F.2d 411, 416 (6th Cir. 1991). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson,* 411 U.S. 258, 267 (1973); *see also McMann v. Richardson,* 397 U.S. 759, 768-69, 771 (1970); *Campbell v. Marshall,* 769 F.2d 314, 318-19 (6th Cir. 1985), *cert. denied,* 475 U.S. 1048 (1986).

In this case, the claim alleged in Ground Two challenging the sufficiency of evidence, as well as the claims alleged in Grounds Three and Five essentially challenging the denial of petitioner's pretrial suppression motion, relate to purported non-jurisdictional defects or deprivations of constitutional rights that occurred before petitioner entered his guilty plea. As long as petitioner entered his guilty plea knowingly, voluntarily and intelligently, with sufficient awareness of the relevant circumstances and likely consequences, *see, e.g., Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242 (1969); *King v. Dutton,* 17 F.3d 151, 153 (6th Cir.), *cert. denied,* 512 U.S. 1222 (1994), he is unable to challenge his conviction based on those claims of non-jurisdictional error.

The only claim that petitioner has asserted attacking the validity of his guilty plea is the claim alleged in Ground Four that "the trial court failed to inform him of the elements of the charges during his plea hearing." (Doc. 5, pp. 9-10). However, petitioner's allegations are belied by the record, which reveals that the prosecutor explicitly informed petitioner of the elements and factual basis of each rape offense charged against him before he entered his final plea of "guilty" and the trial court accepted his guilty plea on "all three rape charges." (*See* Doc. 11, August 20, 2007 Plea Hearing Tr. 17-18).

Indeed, before accepting petitioner's guilty plea, the trial judge ensured that petitioner, who was provided an interpreter, understood the nature and substance of the charges to which he was pleading and the maximum penalties he faced. (*Id.,* Tr. 7-8, 11, 17-18). The judge also ensured that petitioner understood the rights he was

giving up by entering his guilty plea and that the plea was made knowingly and voluntarily in the absence of any threats or promises "[o]ther than I told your attorney that I was going to sentence you to three years on each of these counts consecutive and that's nine years." (*Id.,* Tr. 8-12). Petitioner's guilty plea was accepted only after the judge ascertained from petitioner that his attorney had read and explained the plea form to him with the interpreter present and that he understood and had no questions regarding the charges and possible penalties; the consequences of any violation of post-release control on his release from prison; the consequences stemming from his classification as a "sexual predator;" and the immigration consequences of a conviction if he were not a citizen of the United States. (*Id.,* Tr. 7-18). Therefore, in the absence of any evidence in the record to suggest otherwise, the Court finds that petitioner entered his guilty plea knowingly, voluntarily and intelligently.

Finally, the Court finds no merit to petitioner's claim alleged in Ground One challenging his sentence, which apparently was determined in accordance with the parties' expectations as set forth in the plea agreement. (*See id.,* Exs. 11-12). In any event, petitioner is unable to prevail on any claim that the sentence imposed in this case amounted to a constitutional violation.

When petitioner was sentenced in August 2007, the trial court had "full discretion to impose a prison sentence within the statutory range" without having to make findings or give reasons for imposing maximum, consecutive, or more than minimum sentences. *See State v. Foster,* 845 N.E.2d 470, 494-98 (Ohio 2006). Moreover, the Supreme Court has made it clear that consecutive sentences may be imposed without implicating any concerns under the Sixth Amendment. *Oregon v. Ice,* 129 S.Ct. 711, 717-20 (2009). Finally, because the maximum prison sentence for each rape charge was ten years,[3] an aggregate prison sentence of thirty years could have been imposed in this case. Petitioner, who was sentenced at the low end of the statutory range to only a nine-year aggregate prison term, is unable to prevail on any claim of cruel and unusual punishment under the Eighth Amendment. *See Bryant v. Yukins,* 39 Fed.Appx. 121, 123 (6th Cir. Apr. 29, 2002) (not published in Federal Reporter) (quoting *Austin v. Jackson,* 213 F.3d 298, 302 (6th Cir. 2000), in turn quoting *United States v. Organek,* 65 F.3d 60, 62 (6th Cir. 1995)), *cert. denied,* 537

---

[3] It appears from the record that at the time of sentencing, the rape charges against petitioner actually carried a "life sentence;" apparently, the prosecution dropped the "life sentence spec," so that the maximum sentence petitioner could receive on each charge was ten years. (*See* Doc. 11, August 20, 2007 Plea Hearing Tr. 7).

14

U.S. 925 (2002).

    Accordingly, in sum, the Court concludes that petitioner has waived all of his grounds for federal habeas relief due to his procedural default in the state reopening proceedings. Moreover, when he knowingly, voluntarily and intelligently entered his guilty plea to the charges, petitioner waived all non-jurisdictional defects or constitutional errors, as alleged in Grounds Two, Three and Five of the petition; the remaining claims alleged in Grounds One and Four are plainly lacking in merit. For these reasons, respondent's motion to dismiss (Doc. 11) should be **GRANTED**, and petitioner's petition for writ of habeas corpus (Doc. 5) should be **DISMISSED** with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's motion to stay the case (Doc. 16) be **DENIED.**

2. Respondent's motion to dismiss (Doc. 11) be **GRANTED,** and petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 5) be **DISMISSED** with prejudice.

3. A certificate of appealability should not issue with respect to the five grounds for relief alleged in the petition, which this Court has concluded are waived and thus procedurally barred from review. Under the applicable two-part test enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling or whether petitioner has stated a viable constitutional claim in any of the procedurally-barred grounds for relief.

4. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, **DENY** petitioner leave to appeal *in forma pauperis* upon a

showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 7/28/10
cbc

/s/ Timothy S. Hogan
Timothy S. Hogan
United States Magistrate Judge

J:\BRYANCC\2010 habeas orders\09-753deny-staymtn.grantMTD-gp-waiver

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kofi Gyekye,
    Petitioner

vs                                        Case No. 1:09cv753
                                           (Dlott, C.J.; Hogan, M.J.)

Warden, Madison Correctional
Institution,
    Respondent

## NOTICE

    Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☒ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Kofi Gyekye #565-381<br>Madison Corr. Inst.<br>PO Box 740<br>London, OH 43140-0740 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) | ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 3150 0000 8389 8572 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

1:09cv753 (Doc. 18)